UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CR-12-BO-1

| UNITED STATES OF AMERICA | MEMORANDUM IN SUPPORT OF REQUEST FOR REDUCTION IN SENTENCE POST-REMAND |
|---|---|
| v. | |
| LARENTO VALENTINO GRADY | |

Defendant Larento Valentino Grady, by and through counsel, hereby submits this post-remand memorandum in support of his request for reduction of sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(A).

## BRIEF PROCEDURAL HISTORY

On January 6, 2017, the Honorable James C. Fox sentenced Mr. Grady to 151 months' custody following his guilty plea to distribution of a quantity of cocaine base (crack) (Count 3) and possession of a firearm by a felon and aiding and abetting (Count 6). *See* Docket Entry ("DE")-51. On March 17, 2022, Mr. Grady filed a pro se motion for reduction of sentence, DE-87, which was supplemented with a sealed memorandum in support by undersigned counsel, DE-94. The government filed a response in opposition, DE-96, and Mr. Grady filed a reply, DE-99. On June 13, 2022, this Court issued an order denying the motion for a reduced sentence. DE-101. At Mr. Grady's request, undersigned filed a notice of appeal. DE-102.

On July 25, 2023, the Fourth Circuit issued an unpublished opinion vacating and remanding the case for further proceedings. DE-106. In its opinion, the Fourth Circuit found Mr. "Grady's rehabilitation evidence was sufficient to trigger the court's obligation to provide a more detailed explanation" for its denial. *Id.* at p. 4.

# ARGUMENT

Mr. Grady incorporates by reference his memorandum in support of his *pro se* motion for reduction of sentence and his reply, filed at DE-94 and DE-99, respectively. Mr. Grady maintains his arguments regarding no longer being a career offender[1] and his health conditions are extraordinary and compelling reasons warranting a sentence reduction. He therefore respectfully requests relief under 18 U.S.C. § 3582(c)(1)(A).

Additionally, Mr. Grady respectfully requests this court consider his most recent program review, First Step Act materials, and certificates in evaluating his compassionate release request. Mr. Grady has taken on a different work assignment, as a Compound Weekend Orderly, where he is on call to take care of all janitorial duties on the compound. *See* Exhibit 2 – Program Review 7/27/2023. Mr. Grady also volunteers as a Suicide Companion to his fellow inmates, where he watches over suicidal inmates, logs their activities, gives them a person to talk to, and advises officers if the inmate needs help. *See* Exhibit 2 at p. 1. Mr. Grady remarked that he enjoys being a companion because "I feel as if I'm helping someone that may just need someone to listen to them and show they care. I also feel as if I'm giving back from all the dumb decisions I made in the past." He has completed courses to include Suicide Companion training program, Nonresidential Drug Abuse Program, Embracing Interfaith Cooperation, and three National Parenting programs *See id.*; Exhibit 3- Certificates. Mr. Grady has taken a great number of FSA-qualified courses, accruing 365 days credit towards release. *See* Exhibit 4 – FSA Time Credit Assessment 7/2/2023.

Importantly, Mr. Grady has worked his way down to a low recidivism risk and low facility placement. *Id.* The BOP has been using its risk tool, "PATTERN" (the Prisoner Assessment Tool Targeting Estimated Risk and Needs) version 1.03, which the National Institute of Justice has

---

[1] *But see United States v. Groves*, 65 F.4th 166 (4th Cir. 2023) and *United States v. Miller*, 75 F.4th 215 (4th Cir. 2023), 2023 WL 4673749 (4th Cir. 2023). It is undersigned's understanding that counsel in *Groves* plans to petition the U.S. Supreme Court for Certiorari. Accordingly, Mr. Grady maintains this argument for preservation purposes.

found "display[s] a high level of accuracy in [its] ability to predict recidivism" and "shows relatively high predictive accuracy across racial and ethnic groups" [which] "predict recidivism well for white, Black, Hispanic, Native American, and Asian individuals."[2] Finally, Mr. Grady appears to remain infraction-free.[3] *See* Exhibit 2.

Upon release, Mr. Grady plans to live with his father, Dexter Jones, in Bedford, Texas. *See* Exhibit 5 – Support Letters. Mr. Grady's father owns his own business, DMB Janitorial Services, and he will employ his son to assist in the business. Additionally, Mr. Grady's daughter, Dymond Grady-Dupree, has also offered support for her father upon release, whether it be housing, transportation, using technology, filling out job applications, and opening a bank account. *Id.*

Mr. Grady submits this aforementioned information, including the information submitted in his memorandum in support and his reply (DEs-94, 99), is relevant under 18 U.S.C. § 3553(a) and *Pepper v. United States*, 562 U.S. 476, 491 (2011) ("evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors"). *See also United States v. Martin*, 916 F.3d 389, 398 (4th Cir. 2019) and *United States v. McDonald et. al*, 986 F.3d 402, 412 (4th Cir. 2021) (where substantial mitigating rehabilitation evidence is introduced and not available at the initial sentencing hearing, a court must weigh that conduct and, if in its discretion the court still believes that positive trajectory deserves no rehabilitation, it shall provide an individualized explanation for its decision); and *United States v. Nabaya*, 2021 WL 54361 at *3 (E.D. Va. Jan. 6, 2021)(finding requirement to consider post-conviction evidence also applicable in compassionate release matters filed under 18 U.S.C. § 3582(c)(1)(A))[4].

---

[2] National Institute of Justice, *Predicting Recidivism: continuing to Improve the Bureau of Prisons' Risk Assessment Tool, PATTERN*, April 19, 2022 (available at: https://nij.ojp.gov/topics/articles/predicting-recidivism-continuing-improve-bureau-prisons-risk-assessment-tool) (last visited 8/29/2023). Undersigned as also requested Mr. Grady's Recent PATTERN form, but has not received a response; however, his FSA Time Credit Assessment (Exhibit 4) notes his low-risk assignment as of February 15, 2023. *See* Exhibit 4.
[3] Undersigned requested a discipline data transcript from Mr. Grady's case manager, but none was received.
[4] Attached hereto as Exhibit 6 – *United States v. Nabaya*.

## **CONCLUSION**

Accordingly, Larento Valentino Grady respectfully requests that this Court grant his motion pursuant to 18 U.S.C. § 3582(c) and order a reduction in sentence.

Respectfully submitted this 29th day of August, 2023.

        G. ALAN DUBOIS
        Federal Public Defender

        ***/s/ Laura S. Wasco***
        LAURA S. WASCO
        Attorney for Defendant
        Office of the Federal Public Defender
        150 Fayetteville Street, Suite 450
        Raleigh, North Carolina 27601
        Telephone: 919-856-4236
        Fax: 919-856-4477
        E-mail: Laura_Wasco@fd.org
        N.C. State Bar No. 34885
        LR 57.1 Counsel
        Appointed

4

Case 4:16-cr-00012-BO   Document 109   Filed 08/29/23   Page 4 of 5

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was served upon:

RUDY E. RENFER
U.S. Attorney's Office – E.D.N.C.
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Rudy.E.Renfer@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on August 29, 2023, using the CM/ECF system, which will send notification of such filing to those above and/or by email.

      Respectfully submitted this 29th day of August, 2023.

                                ***/s/ Laura S. Wasco***
                                LAURA S. WASCO
                                Attorney for Defendant
                                Office of the Federal Public Defender
                                150 Fayetteville Street, Suite 450
                                Raleigh, North Carolina 27601
                                Telephone: 919-856-4236
                                Fax: 919-856-4477
                                E-mail: Laura_Wasco@fd.org
                                N.C. State Bar No. 34885
                                LR 57.1 Counsel
                                Appointed